| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Latoya** | **Morris** |
| | First Name    Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | |
| | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **Northern**  District of: | **Illinois** (state) |
| Case number (if known) | **19-05610** | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$555.00 per month for 36 month(s)

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

Official Form 113    Chapter 13 Plan    page 1

| Debtor 1 | **Latoya** | | **Morris** | Case number | **19-05610** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.
☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
☑ Debtor(s) will treat income tax refunds as follows: Debtor(s) shall submit a copy of their federal income tax return to the Trustee each year, beginning with the tax return for the tax year in which this case was filed, no later than April 20th.

**2.4 Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $19,980.00

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

| Debtor 1 | **Latoya** | | **Morris** | Case number | **19-05610** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

**3.3   Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(a)   incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of   the debtor(s), or

(b)   incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| EXETER FIN | 2015 Buick Encore | $18,272.00 | 7.00% | $112.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $21,708.60 |

| Debtor 1 | **Latoya** | | **Morris** | Case number | **19-05610** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.4  Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

**3.5  Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor 1 | Latoya | | Morris | Case number | 19-05610 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 6.00% of plan payments; and during the plan term, they are estimated to total $1,198.80

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $4,353.23

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

[✓] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

[✓] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

[ ] The sum of
[✓] 10.00% of the total amount of these claims, an estimated payment of $4,118.00
[✓] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00 Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

| Debtor 1 | **Latoya** | | **Morris** | Case number | **19-05610** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Debtor 1 | Latoya | | Morris | Case number | 19-05610 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon.

*Check the applicable box:*

☑ plan confirmation.
☐ entry of discharge
☐ other

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

1. Commencing with the July 2020 plan payment, EXETER FIN shall receive set payments in the amount of $521.70 per month.

2. EXETER FIN shall receive pre-confirmation adequate protection payments in the amount of $112.00 per month.

3. Debtor's student loan debts owed to Navient and DEPT OF ED/NAVIENT are currently in deferment and the Trustee shall not pay any claim filed by Navient and DEPT OF ED/NAVIENT pursuant to said debts.

## Part 9: Signature(s):

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

✗ _____   ✗ _____
Signature of Debtor 1              Signature of Debtor 2

Executed on _____        Executed on _____
            MM / DD / YYYY                   MM / DD / YYYY

✗ /s/ Jessica Boone               Date   3/2/2019
Signature of Attorney for Debtor(s)        MM / DD / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $21,708.60 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $5,552.03 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $4,118.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | + $0.00 |
| | **Total of lines a through j** | $31,378.63 |

```
                           United States Bankruptcy Court
                           Northern District of Illinois
In re:                                                            Case No. 19-05610-CAD
Latoya Morris                                                     Chapter 13
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0752-1           User: tjernigan              Page 1 of 2                  Date Rcvd: Mar 04, 2019
                               Form ID: pdf001              Total Noticed: 29


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 06, 2019.
db             +Latoya Morris,    3039 W. Polk St,   Apt. 1,   Chicago, IL 60612-3906
27601173       +CREDIT MANAGEMENT LP,    PO Box 118288,   Carrollton, TX 75011-8288
27601545       +Credit Acceptance,    25505 W 12 Mile Rd #3000,   Southfield MI 48034-8331
27601164       +Credit Acceptance Corp,    c/o Weber & Olcese PLC,   3250 W. Big Beaver Rd. Ste. 124,
                 Troy, MI 48084-2902
27601171        FIRST PREMIER BANK,    c/o Jefferson Capital Systems LLC PO Box,   c/o Linda Dold,
                 Saint Cloud, MN 56302
27601185       +IL Tollway,    2700 Ogden Ave,   Downers Grove, IL 60515-1703
27601165       +MIDWEST RECEIVABLE SOL,    2323 GULL RD STE E,   KALAMAZOO, MI 49048-1400
27601160       +Navient,   PO Box 8961,    Madison, WI 53708-8961
27601174       +PEOPLES ENGY,    200 EAST RANDOLPH,   CHICAGO, IL 60601-6302
27601183       +Robert Morris University Illinois,    401 S. State Street,   Suite 120,   Chicago, IL 60605-1225
27601184       +Sir Finance,    PO Box 5718,   Elgin, IL 60121-5718
27601161       +WELLS FARGO DEALER SVC,    PO BOX 19657,   IRVINE, CA 92623-9657
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
27601172       +E-mail/Text: EBNProcessing@afni.com Mar 05 2019 01:50:21     AFNI, INC,    PO Box 3517,
                 Bloomington, IL 61702-3517
27601181       +E-mail/Text: agency@americanfirstfinance.com Mar 05 2019 01:51:06      AMER FST FIN,
                 3515 N Ridge Rd,   Ste 200,   Wichita, KS 67205-1206
27601168        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 05 2019 01:59:17
                 CAPITAL ONE BANK USA N,    PO BOX 85520,   RICHMOND, VA 23285
27601180       +E-mail/PDF: acg.acg.ebn@americaninfosource.com Mar 05 2019 02:00:00     CAPITAL ONE AUTO FINAN,
                 PO Box 4360,   Houston, TX 77210-4360
27601176       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Mar 05 2019 01:49:47      COMENITY BANK/DOTS,
                 PO BOX 182789,   COLUMBUS, OH 43218-2789
27601175       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Mar 05 2019 01:49:47      COMENITYBANK/VICTORIA,
                 220 W SCHROCK RD,   WESTERVILLE, OH 43081-2873
27601177       +E-mail/PDF: creditonebknotifications@resurgent.com Mar 05 2019 02:00:02      CREDIT ONE BANK NA,
                 PO BOX 98875,   LAS VEGAS, NV 89193-8875
27601162       +E-mail/PDF: pa_dc_ed@navient.com Mar 05 2019 01:59:19     DEPT OF ED/NAVIENT,    PO BOX 9635,
                 WILKES BARRE, PA 18773-9635
27601166       +E-mail/Text: bknotice@ercbpo.com Mar 05 2019 01:50:15     ENHANCED RECOVERY CO L,
                 8014 BAYBERRY RD,   JACKSONVILLE, FL 32256-7412
27601182       +E-mail/PDF: ais.exeter.ebn@americaninfosource.com Mar 05 2019 02:00:47      EXETER FIN,
                 PO BOX 166097,   IRVING, TX 75016-6097
27601170       +E-mail/Text: bncnotices@becket-lee.com Mar 05 2019 01:49:23     KOHLS/CAPONE,    PO BOX 3115,
                 MILWAUKEE, WI 53201-3115
27601167       +E-mail/PDF: resurgentbknotifications@resurgent.com Mar 05 2019 01:59:21      LVNV FUNDING LLC,
                 PO Box 10587,   Greenville, SC 29603-0587
27601179       +E-mail/PDF: pa_dc_claims@navient.com Mar 05 2019 01:59:18     NAVIENT SOLUTIONS INC,
                 1002 ARTHUR DR,   LYNN HAVEN, FL 32444-1683
27601169       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 05 2019 01:59:22
                 PORTFOLIO RECOV ASSOC,    PO Box 41067,   Norfolk, VA 23541-1067
27601163       +E-mail/Text: Supportservices@receivablesperformance.com Mar 05 2019 01:51:13
                 RECEIVABLES PERFORMANC,    20816 44th Ave W,   Lynnwood, WA 98036-7744
27601178       +E-mail/PDF: gecsedi@recoverycorp.com Mar 05 2019 02:00:43     SYNCB/WALMART,    Po Box 530927,
                 Atlanta, GA 30353-0927
27601431       +E-mail/PDF: gecsedi@recoverycorp.com Mar 05 2019 01:59:58     Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                               TOTAL: 17

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 06, 2019                                        Signature:  /s/Joseph Speetjens

```
District/off: 0752-1          User: tjernigan           Page 2 of 2               Date Rcvd: Mar 04, 2019
                              Form ID: pdf001           Total Noticed: 29
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 2, 2019 at the address(es) listed below:
              Jessica A. Boone    on behalf of Debtor 1 Latoya  Morris jboone@semradlaw.com,
               ilnb.courtview@SLFCourtview.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Tom  Vaughn    ecf@tvch13.net,  ecfchi@gmail.com
                                                                                             TOTAL: 3
```